1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VANESSA SIMMONDS, | NO. |
| Plaintiff, | |
| v. | COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER SECTION 16(b) OF THE SECURITIES EXCHANGE ACT OF 1934 |
| BANK OF AMERICA CORPORATION, a Delaware corporation, successor in interest to BANCBOSTON ROBERTSON STEHPENS, INC., | JURY DEMAND |
| and | |
| JPMORGAN CHASE & CO., a Delaware corporation, successor in interest to HAMBRECHT & QUIST LLC, | |
| Defendants, | |
| and | |
| DIGIMARC CORPORATION, a Delaware corporation, | |
| Nominal Defendant. | |

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 1

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## I.    IDENTIFICATION OF PARTIES

1.    *Plaintiff Simmonds.*  Plaintiff Vanessa Simmonds is a resident of King County, Washington.  She is a shareholder of Digimarc Corporation.

2.    *Bank of America Corporation.*  Bank of America Corporation ("Bank of America") is a Delaware corporation headquartered in Charlotte, North Carolina.  Bank of America is successor in interest to BancBoston Robertson Stephens, Inc. ("BBRS"), and transacts business in the Western District of Washington.

3.    *Defendant JPMorgan Chase & Co.*  Defendant JPMorgan Chase & Co. ("JPMorgan") is a Delaware corporation headquartered in New York, New York.  JPMorgan is successor in interest to Hambrecht & Quist LLC ("H&Q"), and transacts business in the Western District of Washington.

4.    *Nominal Defendant.*  Nominal defendant Digimarc Corporation ("Digimarc") is a Delaware corporation headquartered in Beaverton, Oregon, and is the issuer in this action brought under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) ("Section 16(b)").

## II.    JURISDICTION AND VENUE

5.    *Jurisdiction.*  Jurisdiction in this Court arises under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

6.    *Venue.*  Venue is proper in this Court under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, because, *inter alia,* defendants Bank of America and JPMorgan transact business in this district.

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 2

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**III.    STATUTORY DEMAND AND VESTING OF SECTION 16(b) CLAIMS**

7.    ***Statutory Demand.***  By letter dated July 30, 2007, which was faxed and mailed to the Digimarc board of directors on that date, Ms. Simmonds made a 60-day demand on Digimarc pursuant to Section 16(b).

8.    ***Failure to Comply with Demand.***  More than 60 days have elapsed, and Digimarc has failed to comply with Ms. Simmonds' Section 16(b) demand.

9.    ***Vesting of Claims in Plaintiff.***  As a result of Digimarc's failure to comply with Ms. Simmonds' demand, all rights to maintain this action have vested fully in Ms. Simmonds pursuant to Section 16(b).  Digimarc is named herein only as a nominal party.

**IV.    FACTUAL ALLEGATIONS**

10.    ***Lead Underwriters on Digimarc IPO.***  Prior to September 21, 1999, the date on which Digimarc filed its initial preliminary prospectus with the Securities and Exchange Commission ("SEC"), Digimarc retained BBRS and H&Q to serve as lead underwriters on the Initial Public Offering ("IPO") of Digimarc common stock.  Digimarc filed its final prospectus with the SEC on December 2, 1999, and identified BBRS and H&Q as lead underwriters on its IPO.

11.    ***Lock-Up Agreements.***  As a condition of the underwriting, Digimarc's directors and officers, as well as other stock and option holders, as identified in the IPO prospectus, entered into "lock-up agreements" with BBRS and the other IPO underwriters. The lock-up agreements were for the specific purpose of collectively holding - and refraining from selling - shares of Digimarc stock, and furthered the overall common objective described below.  These lock-up agreements provided that Digimarc's directors, officers and other security holders would

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

not offer, sell, contract to sell, grant any option to purchase or otherwise dispose of Digimarc

common stock or derivative securities for a period of 180 days after the date of the prospectus

without the prior written consent of BBRS, the representative of the underwriters. As a result,

BBRS, for itself and as representative of the other IPO underwriters, directly or indirectly shared

control over the disposition of more than 7.4 million shares of Digimarc common stock at the

time of the Digimarc IPO.

12.     ***Creating Opportunity to Profit from "Hot" Digimarc IPO.*** Based on their

assessment of Digimarc as a potentially "hot" IPO – *i.e.,* one in which there likely would be

substantial investor demand for shares of Digimarc stock in both the IPO allocation and

aftermarket – BBRS and H&Q positioned themselves, directly and indirectly, to profit or share in

any profits derived from transactions in Digimarc stock.

13.     ***Lack of Good Faith in IPO Underwriting Activities.***

(a) ***Scheme to Share in Customer Profits.*** BBRS and H&Q, directly and

indirectly, through contracts, arrangements, understandings, relationships or otherwise, created

the opportunity for themselves, directly and indirectly, to profit or share in any profits derived

from the transactions of their customers in Digimarc stock. This conduct violated NASD

Conduct Rule 2330(f), which prohibited BBRS and H&Q from sharing, directly or indirectly, in

the profits or losses of their customers. Based on this violation, BBRS and H&Q lacked good

faith in connection with their IPO underwriting and distribution activities involving Digimarc

stock.

(b) ***Laddering Activities.*** BBRS and H&Q, in conjunction with the other IPO

underwriters and with the objective of inflating the aftermarket price of Digimarc stock, secretly

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 4

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

required customers, in return for allocations of Digimarc IPO shares, to purchase additional shares of Digimarc stock in the aftermarket at progressively higher prices. This practice is referred to as "laddering," and violates Rule 101 of Regulation M under the Securities Exchange Act of 1934. Based on this violation, BBRS, H&Q and the other IPO underwriters lacked good faith in connection with their IPO underwriting and distribution activities involving Digimarc stock.

14. ***Common Objective to Inflate Aftermarket Price of Digimarc Stock.*** BBRS, H&Q and Digimarc officers, directors and principal shareholders coordinated their efforts towards inflating the aftermarket price of Digimarc stock to a level sufficiently above the IPO price to enable them to reap substantial profits from the sale of Digimarc stock.

15. ***Furtherance of Common Objective.*** In furtherance of this common objective, Digimarc officers, directors and principal shareholders agreed to, or acquiesced in, the pricing of Digimarc's IPO shares at a small fraction of what they knew to be the likely aftermarket price range of Digimarc stock based on clear indications of IPO and aftermarket demand. They did so with the expectation of deriving personal financial benefits, after the expiration of the lock-up agreements, from the sale of their Digimarc stock into a market inflated through the activities of BBRS, H&Q and other IPO underwriters. For their part, BBRS and H&Q engaged in laddering and improper research-related activities that were designed to inflate the market price of Digimarc stock. They did so with the expectation of creating the opportunity to profit or share in any profits derived from transactions in Digimarc stock.

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 5

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

16.     ***IPO Shares Priced at $20, Trade in Aftermarket at $88.***  The 4.6 million shares of Digimarc stock sold in connection with its IPO raised $85.5 million for Digimarc – less than one-fourth of what buyers paid for Digimarc shares in the immediate aftermarket.

17.     ***10% Group Status.***  BBRS, H&Q, the other IPO underwriters and Digimarc officers, directors and principal shareholders beneficially owned Digimarc stock while they pursued a common objective that involved acquiring, holding or disposing of Digimarc stock, and thereby constituted a group (the "Group") pursuant to Section13(d) of the Exchange Act of 1934 and Rule 13d-5 promulgated thereunder.  Collectively, the Group beneficially owned in excess of 10 percent of Digimarc's outstanding common stock from the Group's inception prior to December 2, 1999, through at least December 1, 2000 (the "Relevant Period").  As a result, BBRS, H&Q and the other members of the Group were subject to the reporting requirements of Section 16(a) and the short-swing trading prohibition of Section 16(b) throughout the Relevant Period.

18.     ***Transactions in Digimarc Stock.***  Throughout the Relevant Period and within periods of less than six months, BBRS and H&Q profited from purchases and sales, or sales and purchases, of Digimarc stock of which they were beneficial owners for purposes of Section 16(b) (the "Transactions").  BBRS and H&Q directly or indirectly had or shared a direct or indirect pecuniary interest in Digimarc stock in various ways, including, but not limited to, the following: (i) by sharing in the profits of customers to whom they made IPO allocations of Digimarc stock; (ii) by allocating shares of Digimarc stock to executives and other high-level insiders of other companies, both private and public, from which BBRS and H&Q expected to receive new or additional investment banking business in return (a practice referred to as "spinning"); and (iii)

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 6

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

by creating the opportunity for other members of the Group to derive personal financial benefits from the sale of Digimarc stock into an inflated market, in an effort by BBRS and H&Q to obtain future investment banking business from Digimarc.

19.    *Failure to Comply with Section 16(a) Reporting Requirements.*   BBRS and H&Q failed to report the Transactions as required under Section 16(a) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(a), thereby tolling the two-year statute of limitations set forth in Section 16(b).  Because BBRS and H&Q failed to report these Transactions as required by Section 16(a), the precise dates of prohibited Transactions by them, any member of the Group, or others, in Digimarc stock beneficially owned by BBRS and/or H&Q, are unknown to Ms. Simmonds at this time.

## V.    CAUSE OF ACTION

### Short-Swing Profits Generated In Violation of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

20.    *Incorporation.*   The allegations in the preceding paragraphs are incorporated as if fully set forth herein.

21.    *Short-Swing Trades.*   BBRS and H&Q profited from the Transactions in Digimarc stock by engaging in such Transactions within periods of less than six months during the Relevant Period.  BBRS and H&Q thereby violated Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

22.    *Remedy.*   Bank of America, as successor in interest to BBRS, and JPMorgan, as successor in interest to H&Q, must disgorge all profits, with interest, from their respective short-swing Transactions in Digimarc stock, in amounts to be proven at trial.

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 7

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## VI.    RELIEF REQUESTED

Plaintiff respectfully requests the following relief:

(a)    Judgment against Bank of America and JPMorgan for all profits from the

Transactions prohibited by Section 16(b) of the Securities Exchange Act of 1934,

15 U.S.C. Section 78p(b), in amounts to be proven at trial;

(b)    An award of pre-judgment and post-judgment interest on all amounts awarded or

restitution or disgorgement ordered;

(c)    An award of costs and attorneys' fees against Bank of America and JPMorgan;

and

(d)    Such other and further relief that this Court deems just and equitable.

DATED this _10th_ day of October, 2007.

**GORDON TILDEN THOMAS & CORDELL LLP**

By _____
Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Mark A. Wilner, WSBA #31550

Attorneys for Plaintiff

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 8